**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **NATIONAL FIRE INSURANCE CO.** | : | **3:10cv1518 (WWE)** |
| **OF HARTFORD a/s/o CHURCH HOME** | : | |
| **OF HARTFORD, INC.,** | : | |
|     **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **THE WETHERELL CORPORATION,** | : | |
|    **Defendant.** | : | |

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff National Fire Insurance of Hartford asserts that defendant The Wetherell Corporation ("Wetherell") is liable for negligence in connection with the design, engineering and installation of a sprinkler system installed at the Seabury Retirement Community.

Defendant has filed a motion for summary judgment.  For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of facts and supporting exhibits.  The parties' submissions reflect that the following facts are not in dispute.

Church Home of Hartford is the owner of Seabury Retirement Community. Architectural firm Jeter Cook & Jepson was retained in connection with a project to create additional apartments and a natatorium for the retirement community.  Jeter Cook & Jepson hired Barnhart, Johnson, Francis & Wild ("BJF&W"), an engineering firm, to prepare a performance specification for the fire protection of this project. Defendant Wetherell Corporation was hired pursuant to a subcontract to perform work as a sprinkler contractor on the Seabury Retirement Community construction project.

1

The subcontract stated:

> This Subcontractor shall produce all labor, material, tools and equipment required by the Contract Documents to FURNISH AND INSTALL ALL FIRE PROTECTION WORK per the Contract Documents that are listed on Exhibit C, and the bidding documents contained in BBE's Invitations to Bid dated 7/30/02 and Addenda 1 through 3.

Defendant used BJF&W's drawing to produce more detailed "installation drawings" that were used to construct the fire protection system for the natatorium.  In completing its work, defendant did not engage the assistance of a design engineer.

The drawings were completed by 2003, and the sprinkler system was completed in 2003.  By 2004, defendant's involvement in the project had ended.

On July 29, 2009, the Seabury Retirement Community sustained extensive damage to its property due to a fire that spread throughout the natatorium, an area that lacked any sprinkler heads.

National Fire Insurance Company of Hartford paid its insured Church Home of Hartford, Inc. $7,041,840.20 for damages caused by the fire of July 29, 2010.  This action was commenced in 2010.

## **DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material

factual issue genuinely in dispute.  <u>American International Group, Inc. v. London American International Corp.</u>, 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  <u>Celotex Corp.</u>, 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  <u>Anderson</u>, 477 U.S. at 249.

<u>Statute of Limitations</u>

Defendant argues that this case should be dismissed because the statute of limitations for negligence, Connecticut General Statutes § 52-584, has passed.  Plaintiff counters that the relevant period of limitations is dictated by Connecticut General Statutes § 52-584a.  Plaintiff maintains that defendant was providing unlicensed engineering services and should have hired an engineer when it developed the drawings for the sprinkler system.

Section 52-584 provides, in relevant part:

> No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct ... shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of ...

The "act or omission" requirement of Section 52-584 is satisfied when the contractor

has ceased work on the site and the contract for the job has been completed.  Bartha v. Waterbury House Wrecking Co., Inc., 135 Conn. 176, 178 (1983).  An action may be time barred even if no injury is sustained during the three years following a defendant's act or omission.  Nardi v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 210-11 (1993).  However, the limitations period may be tolled where there is a continuous course of conduct, which requires that defendant "(1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the alleged original wrong; and (3) continually breached that duty."  Witt v. St. Vincent's Medical Center, 252 Conn. 363, 370 (2000).

Plaintiff argues not that any continuing course of conduct tolls the statute but that Section 52-584a applies in this case.

Section 52-584a provides, in relevant part:

> (a) No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of, or land surveying in connection with, an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) for injury to the person or for wrongful death arising out of any such deficiency, or (2) for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect, professional engineer or land surveyor performing or furnishing the design, planning, supervision, observation of construction or construction of, or land surveying in connection with, such improvement more than seven years after substantial completion of such improvement.

4

Connecticut state courts have limited application of Section 52-584a to actions against architects, professional engineers or land surveyors as delineated by the statute. Sandrig v. Dubreuil and Sons, Inc., 68 Conn. App. 79, 92 (2002). In fact, the legislative history underscores that the statute was enacted to protect the specific professionals enumerated therein. See Bagg v. Town of Thompson, 2008 WL 1971326, *3-4 n.8 (Ct. Sup. Ct. 2008) (citing legislative history that statute is directed at protecting architects and engineers; noting that other jurisdictions have statutes that cover contractors and subcontractors).

Courts have found disputed issues of fact in the context of Section 52-584a where the alleged activity did not clearly fall within the statutory requirement of an "improvement" to the property. See Lathrop v. Malcolm Pirnie, Inc. 131 Conn. App. 204, 214 (2011) (question of whether monitoring wells constitute improvements to property).

Here, an architectural and engineering firm were involved with the project and allowed for the defendant's installation of the sprinkler system. No inference of fact suggests that Wetherell constituted an engineering, architectural or land surveyor firm so as to bring this action within the purview of Section 52-584a. Accordingly, the Court finds that Section 52-584 bars this action.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment [doc. #39]

is GRANTED.  The clerk is instructed to close this case.

Dated this _8th__ day of May, 2012 in Bridgeport, Connecticut.


_____
          /s/
Warren W. Eginton,
Senior United States District Judge